IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

        Plaintiff,

v.

COLGATE UNIVERSITY, *et al.*,

        Defendants.

Civil Action No.
5:15-CV-1069 (LEK/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, NY 10001

FOR DEFENDANTS:

[NONE]

OF COUNSEL:

ANDREW MILTENBERG, ESQ.

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

The plaintiff in this action, who is represented by counsel, has commenced this action against defendant Colgate University ("University"), the University's Board of Trustees, and six individuals asserting eight claims, all of which are based upon his expulsion from the

institution for disciplinary reasons. In a one-sentence footnote in his complaint, plaintiff requests permission to proceed in the action anonymously under the pseudonym "John Doe." For the reasons set forth below, I conclude that plaintiff has not satisfied the stringent requirements for proceeding in this action anonymously and therefore direct that an amended complaint be filed identifying him by name.

I. BACKGROUND

Plaintiff commenced this action on August 31, 2015. Dkt. No. 1. Plaintiff's complaint challenges a disciplinary proceeding conducted by the University's Equity Grievance Panel based upon allegations by three unidentified female University students that plaintiff engaged in non-consensual sexual activity with them in 2011 and 2012. *See generally id*. As a result of the hearing, plaintiff was found to have violated University rules and expelled from the University shortly before he was scheduled to graduate. *Id.* Plaintiff claims that the investigation conducted by the University was flawed, arbitrary and capricious, and discriminatory based upon his gender.[1] *Id.* at 4.

---

[1] Plaintiff's complaint asserts a variety of federal and pendent state law claims arising out of the incidents with the unidentified females and the ensuing investigation. Dkt. No. 1 at 43-65.

As it specifically pertains to this order, in a footnote on page one of his complaint, plaintiff states that he "herewith files a Motion to proceed pseudonymously." Dkt. No. 1 at 1 n.1.

II.   DISCUSSION

Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purposes of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). The courts, including the Second Circuit, have created a limited exception to this rule when private interests outweigh the public's right of access to court proceedings. *Sealed Plaintiff*, 537 F.3d at 189; *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001). As one court has noted, however,

> [t]he privilege of suing . . . under a fictitious name should not be granted automatically even if the opposing party does not object. The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts . . . . [S]uch situations are rare, and the fact that a case involves a . . . situation which the plaintiff finds embarrassing, without more, are not sufficient reasons for allowing the use of a fictitious name.

*Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1129 (E.D. Wis. 1999) (quotation marks omitted).

A request to file an action anonymously is a matter addressed to the sound discretion of the court. *Sealed Plaintiff*, 537 F.3d at 190. In this circuit, the exercise of that discretion is informed by a balancing of the following non-exhaustive list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or . . . to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (quotation marks and citations omitted); *see also Doe v. Univ. of Conn.*,

No. 09-CV-1071, 2013 WL 4504299, at *26-27 (D. Conn. Aug. 22, 2013).

In this case, plaintiff's request neither discusses these relevant factors nor provides any basis for extending the rare privilege of proceeding in the action using a pseudonym. Dkt. No. 1 at 1 n.1. Although the litigation involves accusations against plaintiff that are sensitive and personal in nature, he has not identified any real or specific risk of harm, including any risk of retaliation, that he may encounter if his identity is revealed. *Id.*

Having considered plaintiff's complaint, I do not find that plaintiff's privacy interests outweigh the public's interest in full disclosure of these judicial proceedings. Plaintiff has voluntarily opted to commence this litigation and air his grievances in a quintessentially public forum. Presumably, by doing so, he believes his case to be meritorious. In the event plaintiff prevails, his reputation will be cleared while the University's unlawful conduct remains public. In the interest of facilitating public scrutiny of judicial proceedings, and in the interest of basic fairness, I find plaintiff should be required to proceed in this action using his true identity. *See Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether [he] has a substantial privacy right which outweighs the customary and

constitutionally-embedded presumption of openness in judicial proceedings. It is the exceptional case in which a plaintiff may proceed under a fictitious name." (quotation marks, footnote, citation omitted)); *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) ("Fairness requires that [the plaintiff] be prepared to stand behind her charges publicly.").

III. SUMMARY AND ORDER

Having carefully considered the controlling factors and the competing relevant interests, I conclude that plaintiff has not established a basis to invoke the limited right to proceed in this action anonymously. Accordingly, it is hereby

ORDERED as follows:

(1) Plaintiff's motion for leave to proceed in this action anonymously, under the pseudonym "John Doe" (Dkt. No. 1 at 1 n.1) is DENIED.

(2) Within thirty days of the date of this order, plaintiff shall file with the court an amended complaint revealing his identity and substituting his name for that of John Doe as the plaintiff in this action.

(3) In the event that an amended complaint is not filed by the plaintiff within thirty days, I will recommend to the assigned district judge that this action be dismissed.

(4) The clerk is respectfully directed to forward copies of this order to plaintiff's counsel by electronic means.

Dated: September 4, 2015
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge