UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN DOE,

                Plaintiff,

      -against-

COLGATE UNIVERSITY, COLGATE UNIVERSITY
BOARD OF TRUSTEES, JEFFREY HERBST,
individually and as agent for Colgate University,
SUZY M. NELSON, individually and as agent for
Colgate University, KIMBERLY TAYLOR,
individually and as agent for Colgate University,
MARILYN RUGG, individually and as agent for
Colgate University, VALERIE BROGAN,
individually and as agent for Colgate University,
and TAMALA FLACK, individually and as agent
for Colgate University,

                Defendants.
------------------------------------------------------------------X

Civil Action No: 5:15-CV-1069
(LEK/DEP)

### DECLARATION OF ANDREW T. MILTENBERG, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

      ANDREW T. MILTENBERG, ESQ. hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

      1.    I am admitted to practice in the courts of the State of New York and am a member of the Bar of the New York Courts. I am associated with the law firm of Nesenoff & Miltenberg, LLP, attorneys for the plaintiff, John Doe ("Plaintiff").

      2.    I submit this declaration in support of Plaintiff's Ex Parte Motion to Proceed Under Pseudonym and for Protective Order.

3.      In the instant action, Plaintiff seeks redress due to the actions, inactions, omissions, errors, flawed procedures and/or negligence and overall failure of Defendants Colgate University ("Defendant Colgate" or "Colgate"), Colgate University Board of Trustees ("Defendant Board of Trustees"), Jeffrey Herbst ("Defendant Herbst"), Suzy M. Nelson ("Defendant Nelson"), Kimberly Taylor ("Defendant Taylor"), Marilyn Rugg ("Defendant Rugg"), Valerie Brogan ("Defendant Brogan") and Tamala Flack ("Defendant Flack") (collectively, "Defendants") to provide Plaintiff with a meaningful standard of due process and equity concerning false allegations of nonconsensual sexual activity with fellow Colgate senior students Jane Doe 1, Jane Doe 2 and Jane Doe 3.

4.      On April 8, 2015, one month prior to Plaintiff's expected graduation date, Defendant Taylor issued three identical decision letters, finding Plaintiff responsible for each of the charges (the "Decision"). As a result, Defendants assessed the following sanctions to Plaintiff: with respect to Incident 1, disciplinary expulsion; with respect to Incident 2, immediate suspension through January 2016; and with respect to Incident 3, disciplinary expulsion (collectively, the "Sanction"). The three combined sanctions had the purpose and effect of permanently expelling Plaintiff from Colgate a mere thirty-nine (39) days prior to his graduation.

5.      Throughout the investigative process, Defendants failed to abide by Colgate's own guidelines and regulations and acted in direct violation of federal and/or state law. A non-exhaustive list of Defendants' wrongful actions include the following: (i) Defendants failed to conduct a timely investigation of the allegations and failed to timely bring the case to a close within sixty (60) days, while arbitrarily denying Plaintiff's reasonable request for an adjournment of the Hearing; (ii) Defendants failed to conduct a thorough and impartial investigation; (iii) Defendants evidenced a gender bias against Plaintiff as the male accused

2

throughout the investigative and hearing process; (iv) Defendants made assessments of credibility and evidentiary weight with respect to each party and witness without any ascertainable rationale or logic; (v) Defendants failed to afford Plaintiff the requisite presumption of innocence required by a preponderance of the evidence standard; and (vi) the Sanction was unwarranted and disproportionate in light of the circumstances, all of which demonstrated substantial procedural errors in violation of Title IX and other federal and/or state laws.

6. Plaintiff has been greatly damaged by the actions of Defendants: his education and career prospects have been severely compromised as he is unable to gain admission to a medical school, the significant monies spent on obtaining a college education at Defendant Colgate squandered. Additionally, as a result of Defendants' actions and inactions, Plaintiff has suffered psychological, emotional and reputational damages, economic injuries and the loss of educational and career opportunities.

7. Plaintiff therefore brings this action to obtain relief based on causes of action for, among other things, violations of Title IX of the Education Amendments of 1972, breach of contract and other state law causes of action.

8. In light of these facts, Plaintiff should be permitted to protect his identity by filing the Complaint under a pseudonym.

**WHEREFORE**, the Court should grant Plaintiff's application in its entirety, and should order such further and other relief as the Court deems just and proper.

I declare under the penalty of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

**Dated: New York, New York**
**September 15, 2015**

/s/ Andrew T. Miltenberg
Andrew T. Miltenberg, Esq.