UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN DOE,

                            Plaintiff,

   -against-                                                  5:15-cv-1069 (LEK/DEP)

COLGATE UNIVERSITY, *et al.*,

                            Defendants.

## **MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff "John Doe" ("Plaintiff") commenced this action on August 31, 2015 against Defendants Colgate University, the Colgate University Board of Trustees, Suzy Nelson, Kimberly Taylor, Marilyn Rugg, Valerie Brogan, and Tamala Flack (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Plaintiff challenges Defendants' conduct in investigating allegations that Plaintiff sexually assaulted three students while he was a student at Colgate University as well as Defendants' decision to suspend Plaintiff in the weeks prior to his graduation. Id. Presently before the Court is Plaintiff's Motion to proceed under the pseudonym "John Doe," which was filed in response to United States Magistrate Judge David E. Peebles' September 2015 Decision and Order denying Plaintiff's request to proceed under pseudonym and instructing Plaintiff to file an Amended Complaint within thirty days of Judge Peebles' Decision and Order. Dkt. Nos. 4 ("September Order"); 7 ("Motion"); 7-2 ("Memorandum"). Defendants have filed a Response in opposition. Dkt. No. 14 ("Response"). For the following reasons, Plaintiff's Motion to proceed under pseudonym is granted.

## II. BACKGROUND

In a footnote in the Complaint, Plaintiff stated that he intended to file a motion to proceed under pseudonym concurrently with the Complaint; however, Plaintiff failed to file such a motion until after Judge Peebles issued the September Order. Compl. at 1 n.1. In the September Order, Judge Peebles evaluated Plaintiff's request to proceed under pseudonym in accordance with the balancing test set forth by the Second Circuit in Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008). Sept. Order at 4-5.[1] At the time Judge Peebles issued the September Order, neither party had submitted arguments on the issue of whether Plaintiff could proceed under pseudonym. Judge Peebles noted that Plaintiff had not identified any real or specific risk of harm or retaliation that he might encounter if his identity was revealed, and found that Plaintiff's privacy interests did not outweigh the public's interest in full disclosure. Id. at 5. Accordingly, Judge Peebles denied Plaintiff's request to proceed under the pseudonym "John Doe" and instructed Plaintiff to file an amended complaint revealing his identity within thirty days of the issuance of the September Order. Id. at 6.

Plaintiff has not filed an amended complaint in this action. Rather, in response to the September Order, Plaintiff's counsel filed a Letter Motion requesting an extension of time to Judge Peebles. Dkt. No. 5 ("Letter Motion"). In the Letter Motion, Plaintiff's counsel acknowledged their error in not filing a motion to proceed under pseudonym concurrently with the Complaint and indicated that they intended to file such a motion. Id. Judge Peebles granted Plaintiff's request to stay the deadline to file an amended complaint while Plaintiff filed his Motion to proceed under

---

[1] Citations to the September Order correspond to the pagination assigned by the Court's Electronic Filing System.

pseudonym. Dkt. No. 6. Plaintiff subsequently filed the Motion to proceed under pseudonym, which was referred to this Court, and Defendants filed a Response. Mot.; Resp.

The Court finds that the present Motion should be reviewed de novo rather than treated as an appeal of the September Order.[2] Neither party had submitted any arguments to Judge Peebles prior to the issuance of the September Order. If the Court were to treat the pending Motion as an appeal of the September Order, the Court would be precluded from considering any new factual evidence submitted by the parties. See Thai Lao Lignite Co. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) ("Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge."). This would effectively deprive the parties of submitting any evidence in favor of their positions, as neither party had the opportunity to be heard prior to the issuance of the September Order. In addition, Judge Peebles granted a stay of the September Order's instruction, requiring the filing of an amended complaint, pending the Court's decision on the present Motion. Dkt. No. 6. Therefore, the Court will consider the parties' arguments de novo.

## III. DISCUSSION

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties. . . ." FED. R. CIV. P. 10(a). A party seeking to proceed under pseudonym bears a heavy burden, and will only be allowed to do so if private interests outweigh the countervailing public interest in full disclosure. Sealed Plaintiff, 537 F.3d at 188-89. When evaluating a request to file an action anonymously, courts in the Second Circuit are instructed to

---

[2] In their submissions, the parties do not address the standard of review, nor do they make specific objections to the September Order.

3

balance the following non-exhaustive list of factors: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or to other innocent non-parties; (3) whether identification poses other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the harms resulting from disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, whether the nature of any prejudice differs at any stage of litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) the relative strength of the public interest in knowing the litigants' identities based on the purely legal nature of the issues presented; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. Id. at 190.

Recently, cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers. See, e.g., Doe v. Brown University, No. 15-144, 2016 WL 715794, at *1 (D.R.I. Feb. 22, 2016) ("This case concerns an issue that has been the subject of increasing attention and controversy, particularly in academia, and which has garnered much recent media and scholarly commentary."). As the Doe v. Brown court explained, "[t]his wave of litigation arises in the wake of the 2011 'Dear Colleague Letter,' promulgated by the U.S. Department of Education's Office for Civil Rights," which requires universities investigating allegations of sexual assault to employ a 'preponderance of the evidence' standard rather than a

4

'clear and convincing' standard. Id. (citing Russlynn Ali, Dear Colleague Letter, U.S. Dep't of Educ. at 4 (Apr. 4, 2011), available at http://www.ed.gov/about/offices/list/ocr/letters/colleague-201104.pdf (last accessed April 7, 2015)). The Doe v. Brown court found that "[m]any of the recent cases, including this one, allege that the pressure on universities from the OCR has caused a backlash against male students accused of sexual assault." Id. Accordingly, the Court finds that protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected. Nevertheless, the Court recognizes that each situation must be evaluated on a case-by-case basis, and the factors set forth by the Second Circuit offer necessary guidance for courts grappling with this issue.

Plaintiff argues that the first two factors weigh strongly in his favor and that he should be permitted to proceed under a pseudonym given the highly sensitive and personal nature of the litigation and the fact that revealing his identity makes him vulnerable to retaliation. Mem. at 9.[3] While the Court is mindful of the high burden a plaintiff must meet to show that anonymity is warranted, the Court takes note that courts across the country have allowed plaintiffs alleging similar claims against colleges and universities stemming from investigations of sexual assault to proceed anonymously. See, e.g., Doe v. Univ. of Massachusetts-Amherst, No. 14-30143, 2015 WL 4306521 (D. Mass. Jul. 28, 2015) (parties consented to allow plaintiff to proceed anonymously given the highly personal and sensitive nature of the issues and the age of the parties involved); John Doe v. Columbia Univ. and Trs. of Columbia Univ., 101 F. Supp. 3d 356 (S.D.N.Y. 2015) (same); see also Doe v. Washington & Lee Univ., No. 14-CV-00052, 2015 WL 4647996 (W.D. Va.

---

[3] Citations to the parties' briefs correspond to the page numbers used by the parties.

Aug. 5, 2015) (allowing plaintiff to proceed under pseudonym, with no indication on the docket of opposition to pseudonym); Doe v. Salisbury Univ., 107 F. Supp. 3d 481 (D. Md. 2015) (same); Doe v. Univ. of S. Fla. Bd. of Trs., No. 8:15-cv-682, 2015 WL 3453753 (M.D. Fla. May 29, 2015) (same); c.f. Doe v. Univ. of the S., 687 F. Supp. 2d 744 (E.D. Tenn. 2009) (affirming magistrate judge's ruling that plaintiff should be allowed to proceed against university anonymously given highly personal and sensitive nature of the issues). Defendants argue that cases where the parties consented to allow a plaintiff to proceed under pseudonym are somehow unpersuasive. Resp. at 6. However, the Court finds that these cases indicate that the accused colleges and universities recognize the highly personal and sensitive nature of these cases as well as the limited value of forcing plaintiffs to reveal their identities when seeking to vindicate their federal rights. See, e.g., Doe v. Columbia, 101 F. Supp. 3d at 360 n.1 ("Columbia consented to Plaintiff's request to proceed pseudonymously in light of the 'sensitive subject matter and the age of the students involved.'").

Plaintiff further argues that disclosure of his identity would result in significant harm to him and would undermine his purpose in bringing this action, which is to seek redress for reputational harm he alleges he incurred as a result of Defendants' actions. Mem. at 10. The Court finds this argument persuasive. Should Plaintiff prevail in proving that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges. Moreover, revealing Plaintiff's identity at this stage risks undermining the fairness and impartiality of the proceedings. The rise of sexual assaults on college campuses is a troubling epidemic, however, in addressing this epidemic, courts have a duty to ensure that "[e]ach case must be decided on its own merits, according to its own facts. If a college student is to be marked for life

6

as a sexual predator, it is reasonable to require that he be provided a fair opportunity to defend himself and an impartial arbiter to make that decision." John Doe v. Brandeis Univ., No. 15-11557, 2016 WL 1274533, at *6 (D. Mass. Mar. 31, 2016). The Court finds that forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention. The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations.

The Court further finds that Defendants will not be prejudiced by allowing Plaintiff to proceed anonymously. Defendants argue that they will be prejudiced if Plaintiff is allowed to proceed under pseudonym because historically, parties facing accusations made by anonymous opponents are at a disadvantage. Resp. at 10. None of the cases Defendants cite in support of this argument involve investigations of sexual misconduct on college campuses, and the Court finds that the recent increase in media attention focused on the epidemic of sexual assaults on college campuses negates any resulting prejudice Defendants would incur if Plaintiff were allowed to proceed anonymously. Furthermore, Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly. See Doe No. 2 v. Kolko, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers.").

Defendants argue that contrary to Plaintiff's arguments in favor of proceeding under a pseudonym, Plaintiff has actually sought publicity initiating contact with a Thomson Reuters reporter to create publicity around the filing of the Complaint. Resp. at 11. The resulting news story named Colgate as a Defendant but did not identify Plaintiff, although it did include quotes

from Plaintiff and his attorney.  Id.  While this fact weighs against Plaintiff's argument that he wishes to avoid publicity in pursuing this action, it is not enough to persuade the Court that the public's interest in learning Plaintiff's identity outweighs Plaintiff's significant interest in remaining anonymous.

Balancing all of these factors, the Court finds that Plaintiff's interest in anonymity outweighs "both the public interest in disclosure and any prejudice" to Defendants.  Sealed Plaintiff, 537 F.3d at 189.  Accordingly, Plaintiff will be allowed to proceed in this action under the pseudonym "John Doe."  The Court finds that particularly in the context of investigating allegations of sexual assault on college campuses, it is imperative that the rights of all parties involved be thoroughly protected in order to properly adjudicate these claims.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 7) to proceed under pseudonym is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     April 12, 2016
           Albany, New York

Lawrence E. Kahn
U.S. District Judge